O’Neall, J.
The various objections which have been take* for the defendant, against the plaintiff’s recovery, may be arranged into-three general classes : 1st. To the affidavit. 2nd. To the bail bond. 3rd. To- the-length of time which the capias ad satisfaciendum remained in the sheriff’s office, and to the time at which it was returned.
1st. The office of the affidavit in bail process is to furnish reasonable proof of the nature and justice of the debt. This is required for two purposes: first, to enable the Court to see that the plaintiff has a good and legal cause of action, for a sum certain, before a citizen is by legal process deprived of his liberty ; and secondly, so to inform the defendant of the claim made against him, as to enable him to admit its justice by paying it,, or contest it by giving bail, and defending the action.
If the defendant acquiesces and gives bail, we should be apt to conclude, arguing from general principles, that this was a waiver of all objections to the regularity of the affidavit; for the defendant’s own act admits its sufficiency to require bail. But this is not a consequence resulting from the execution of the bail bond : for until the term to which the writ is returnable, the defendant has not, generally, the opportunity of questioning the regularity of the affidavit. After the return term, I incline *507 to the opinion, that he would be precluded from moving to set 'aside the order for bail: hut after plea and judgment, he could not, surely, be allowed to object to the affidavit for any irregularity. After judgment, the Court has the highest and best evidence, known to the law, of the legality, justice, and amount of the debt; and through all the various stages of the case, from the writ to final judgment, the defendant has had all the opportunities, which he could desire, of ascertaining both the nature, and the amount of the debt.
Objections, upon which, as a matter of legal right, a motion is made to set aside the order for bail on account of the irregularly of the affidavit, can, generally, be taken advantage of by the defendant alone. It is to guard his liberty against illegal violation, that so much strictness in framing the affidavit is required. If he chooses to submit to the arrest, and to remain in the custody of the law, his bail cannot surely complain, that the affidavit is not technically regular. In contemplation of law, the defendant is in the custody of his bail; and they arc held to be liable for the debt and damages of the plaintiff, because th“y fail to produce his body to answer the judgment. They are his voluntary keepers; and can certainly raise no objection to the process under which he was arrested, which the-sheriff, if he had escaped from his custody, could not raise. The sheriff, it is clear, could not object to the regularity of the process, or affidavit to hold to bail ; although he might shew that either was void. Harvey v. Huggins, decided at Charleston, in March, 1831. (supra, 252.) To the same, but to no greater extent, can the bail defend themselves by plea, in an action against them on the. bail bond.
The irregularities complained of in the affidavit, in this case, are all of form and not of substance; and they were cured by the subsequent proceedings, so that they cannot now be set up as a legal defence. The affidavit states, that “ Col. Joseph Hughes, of the firm of Joseph and William Hughes, stands justly indebted to this deponent in the sum of nine hundred and thirty-six dollars and sixty-one cents, due on a note, besides interest, and that no part thereof has been paid, to the best of his knowledge.” Now whether this affidavit is, or is not, sufficient to compel the defendant, Col. Joseph Hughes, to give bail, it is hot necessary now to inquire. It is said to be uncertain in *508 two respects 5 first, that it docs not fix the time from which the accrued : and secondly, in stating that no part of the debt has been paid to the best of his knowledge. Each of these objections might have had some plausibility at the issuing of the writ: but after the rendition of the judgmient, the interest is ascertained, and the debt is fixed to be due. Can the bail make an objection, by plea, which their principal was satisfied not to make, and which he would not now be permitted to raise ? I should as soon permit the sheriff to make the objection, if he now had the defendant in his custody, under a surrender from his bail, as to permit the bail to make it.
Another objection urged, is that the cause of action set out in the affidavit is a note, and that recovered on, is “a single bond.” Without stopping to inquire whether the term “note,” may not mean a note under seal, or single bond, as well as a promissory note, or note of hand ; I shall only remark, that the undertaking of the bail was, that .the defendant should appear and answer to the plaintiff, in the very form of action in which he has recovered. If the affidavit had set out a cause of action not embraced by the writ, it was for the defendant to. object to his arrest and detention ; if he concedes it to be the same, and submits to the inconvenience of remaining in the custody of his bail, the objection, as a matter of right, or plea, cannot be raised by his keeper for him.
In 1 Tidd’s Practice, 165, the rule is stated tobe, “If there be no affidavit, or if the affidavit be defective, or not duly filed, or if the sum sworn to be not indorsed on the writ, the Court will discharge the defendant on common bail. But if the affidavit be merely informal, the defendant cannot object to it after he has voluntarily given a bail bond, put in or perfected bail above, taken the declaration out of the office, pleaded to the action, or let judgment go by default.” The first branch of this rule, it is seen, applies exclusively to the privilege conceded to the defendant, of being discharged on common bail, on his own motion; aud it may be well questioned, whether the bail would be intitled to the same favour. The last branch of the rule is, however, sufficient for this case. If the defendant, Col. Joseph Hughes, were now moving for his dischargé, on account of the irregularities and informalities of the affidavit, which have been brought to our notice,’lie would be concluded by his appearance. *509 his plea, and the judgment of the Court. His bail in an action on the bail bond, cannot be intitled to more favour than he is, and cannot be permitted to plead matters, as to which he would be estopped. '
As a matter 'of strict legal right, neither the defendant, nor his bail, could raise the objection to the affidavit after plea and judgment. The objection could not be allowed, by way of plea : in other words, it is not a sufficient legal defence to an action on the bail bond. But it is said, that although not a good legal defence, yet on a rule to set aside, or stay, proceedings on the bail bond, the Court may, in the exercise of an equitable discretion, order an exoneretur to be entered on it. This, I concede, may be done in England ; but even there, the application to stay proceedings on the bail bond, is never sustained, as a matter of course; bur. it must be supported by an affidavit of merits. 3 Petersdorff’s Abr. 38. This is a rule of practice of the English Court of King’s Bench; and it is not perfectly clear, that the application would be sustained, under any circumstances, after plea or judgment in the original action. I have been able to find but one case, where it has been allowed on the motion of the bail after judgment; and that is the case of Wheelwright v. Jutting, bail of Fles. 2 Eng. Com. Law Rep. 114. (7 Taunt. 304, S. C.) The exoneretur was there ordered to be entered, after judgment in the action against the principal, on a clear variance between the cause of action sworn to, and that upon which the recovery took place. In a subsequent case, Knight v. Dorsey, 5 Eng. Com. Law Rep. 14, (1 Broderip & Bingham, 14. S. C.) 1 find it distinctly said, that after bail put in and justified, and a subsequent demand of plea, and time allowed for pleading, it is too late to move to enter an exoneretur on the bail piece, on the ground that the plaintiff had not declared on the cause of action, to which he had sworn in the affidavit to hold the defendant to bail. So that it is not well settled that, in England, the bail Can move to have an exoneretur entered on the bail piece, after judgment against their principal: and in that country, no case can be found, where they have been allowed to make it, after pleading to the action on the bail bond.
In this State, the practice remains to be settled, when, and under what, circumstances, the application to enter an exoneretur on the bail bond may be allowed. There is some difference in *510 our act, directing an affidavit of the debt to be made, before the defendant can be held to bail, and the English statute on thé same subject. Our act. requires that in actions for debt, the sum really due shall be stvorn to. Act of 1769, P. L. 273. The English statute requires both the sum and cause of action. It' is true, that in Peck & Hood v. Van Evour, 1 N. & M. 580, the Constitutional Court of this State held, that the affidavit should not only state the amount, but also the cause of indebtedness. This, however, was more a regulation of practice under the act, and to prevent its abuse, than a necessary consequence of its enactment. For what reason was it said to be necessary that this construction should be given 1 Because it was most favourable to the liberty of the citizen. So far, I concede the construction may be legitimate: but when it is attempted to give it the same construction, in a case where the, citizen, whose liberty is taken from him, could not avail himself of it, in favour of others who have no claim of that kind, I deny that they have any right to set it up as a defence or excuse.
Keeping this distinction between our act and the English statute in view, we can have no difficulty' in determining the question now raised. The bail claim to be relieved because the affidavit set out a cause of action by “ note,” and that declared on is a single bond. Before the objection made by the bail, for a .variance in the cause of action in the affidavit and declaration, can be heard, we think, as a rule of practice, that they must swear, that they were ignorant that the cause of action declared on was that which was intended to be embraced by the affidavit; that they executed the bail bond believing the cause of action to be a different one from that set out in the declaration ; and that they have sustained some prejudice or injury thereby. This prerequisite complied with, the inquiry next in order is, has the application been made in time 1 If the bail have suffered judgment by default,, or pleaded to the action on the bail bond, the application to enter the exoneretur ought to be refused. If they have not been in default, or pleaded, it then becomes necessary to inquire what variance will authorize the Court to enter the exoneretur. ' I am free to confess, that I should not be astute to discover the crevice, through which the bail are to escape from the temple of Justice. It must be a variance by declaring on a totally distinct cause of action from that statef *511 in the affidavit. If no cause of action at all is stated in the affidavit, there can be no variance between it and the declaration ; and of course the bail could raise no question in that case, if the judgment recovered was in the samé form of action mentioned in the condition of the bail bond. It must be remembered, that it is a mere rule of practice which requires the cause of action to be stated 'in an affidavit of debt, and this application is addressed to the equitable discretion of the Court. The exercise of that discretion must be therefore to promote equal justice. If in point of fact, the bail have not been surprised by undertaking for a cause of action which they could not, and did not expect their principal was called on to answer, they have no right to complain : and if in such a case, they were relieved, the party plaintiff might well complain, that the law is a cobweb to entangle and hold the weak and unwary, but too feeble to confine the strong and crafty.
In the case before us, the term “note,” in common parlance, means a note of hand, and also a sealed note or single bond. In the case of the Legatee of Doct. Todd v. his Executor, my brother Harper held, with great propriety, that under a bequest of notes, sealed notes, or single bonds would pass. It was in common parlance that the bail understood the term note to be used; and if the term “ single bill, or bond” had been employed, in order to enable a man, not a lawyer, to understand it, it would have been necessary to define it to be, a note under seal. The bail was just as well aware of the nature of the debt, which his principal was called on to answer in this case, by the term used in the affidavit, as if it had been described by its technical name. The variance was, therefore, not such an one as would have authorized the Court to order the ezoneretwr to be entered. But the. application to the Circuit Court was too late. Judgment by default against the bail, had been. entered ; and was set aside on the usual terms of pleading issuably, and going to trial instanter. The plea of 7ion est factum was pleaded; and one term had intervened after the plea, before the motion was made.
Another question has also been agitated. It is contended that the bail was only liable for the sum sworn to, and costs. It would be sufficient, to say, that before the bail could make this question, he must have made an application to the Circuit Court to have an ezoneretwr entered, on the payment of the sum sworn *512 to,.and costs, and that this does not appear to have been done. ®ut * am not disposed so to pass it over. The English practice *n diis respect is somewhat various. In some cases it has been allowed, in others refused. In 3 Petersdorff’s Abr. 63, I find the Court saying it is a settled rule, that where the plaintiff might have had a judgment against the original defendant, the bail below are liable for the whole debt and costs. In this State, the rule may be stated as a general one, that on a bail bond the measure of damages is the debt, interest, and costs recovered, provided they do not exceed the penalty of the bond. I know of no right which the Court has to separate the interest from the principal: it is said to be an incident of the former, and as inseparable from it as the shadow from the substance. It is true, that it is not lawyer-like,' to omit a specification of the time from which the interest accrues, in an affidavit to hold to bail. But like the other objections already considered, this objection cannot now be raised. The judgment in the action against the principal, has fixed the quantum, of indebtedness, and if less than the penalty, the bail must pay it.
2nd. The bail bond is said to be void : 1st. Because the condition requires the defendant to appear at a day which is not ■the return-day of the writ. 2nd. Because it requires the defendant, not only to appear, but also to answer to the plaintiff, in a' plea of debt, &c. 3rd. Because it also requires the defendant to abide the event of the Court and jury in the said case.
The first of these objections might be fatal if it were true. The St. 23 H. 6. c. 9. P. L. App. 8, requires that the bond shall be conditioned for the parly’s appearance “ at the day contained in the writ.” The day contained in the writ, is that on which it requires the defendant to appear and answer to the plaintiff; and this in legal parlance is called the return-day of the writ. The sheriff’s return-day, fifteen days before the session of the Court commences, is not the day contained in the writ. The first day of the term to which the writ is returnable, is the day contained in it, and is its return-day. The writ and bond both require the defendant, Col. Joseph Hughes, to appear and answer on the same day, “ the first Monday in October.”
The St. 23 H. 6. c. 9, does require that the bond shall be conditioned for the defendant’s appearance alone, at the day contained in the writ: but in order to comply with this requisite, *513 it is necessary to designate the case to which he is to appear ; and this can only be done by giving the name of the party to whom, and the forrri of the action in which, he is required to appear. The bail bond, in the present case, conforms, in this respect, to all the precedents, both in England, and in this State.
If the words “to abide the event of the Court and jury,” which have been inserted in the bail bond in this case, are unmeaning; or if they have any meaning, and the effect of that meaning is to impose no obligation on the defendant, Col. Joseph Hughes, or his bail, other than that which was the legal consequence of the residue of the condition of the bond; then they cannot affect the validity of the bond. If, however, they did pretend to impose any distinct, or greater obligation, on the obligors; then the bond, under the statute 23 H. 6. c. 9, would be void. The words “ to abide the event of the Court and jury,” are unmeaning, and unintelligible, in legal parlance; for there is no such thing in legal intendment as “ the event of the Court and jury.” The jury are the means by which the Court ascertains the facts, upon which its judgment is rendered : but the judgment is the legal event of the case; and it is to that, and to that alone, that the defendant and all concerned are to look. In this point of view, they have no'more to do with the verdict, than they have with the evidence. These words. being unmeaning, maybe regarded as surplusage, and will not vitiate the bond. If they have any meaning, they cannot mean any thing more, than that the defendant, Col. Hughes, will legally abide the judgment of the Court: that is, that he shall remain within the reach of its process of satisfaction. This is exactly the obligation which the bail incurred by undertaking for his appearance ; and there being no attempt, therefore, to evade the statute, by imposing some other obligation, it cannot avoid the bond.
3rd. The objections in relation to the ca. sa. are, that it did not remain a sufficient length of time in the sheriff’s office, and that it was returned before return-day. The ca. sa. was lodged on the 20th August, 1829, and the return is dated the 1st September, 1829 ; and this interval, it is contended, is not sufficient to authorize the sheriff to make a return of non est inventus. No *514 rule lias been fixed in this State, as to the length of time these. sa_ must remain in the sheriff’s office, nor when it shall be returned, in order to fix the bail. The object of the ca. sa. is, to take the body of the defendant, to satisfy the plaintiff. He is supposed to be in the custody of his bail: and they are legally cognizant, as privies in law, from the execution of the- bond, of all the proceedings had in the cause. It is their privilege, at any time before the return of non est inventus on the ca. sa., to surrender their principal, as of course, or by leave of the Court, at the term °f die Court, to which the plaintiff’s writ against them is returnable. So soon as the ca. sa. is issued, it is their duty to surrender their principal. If they choose not to do so, the sheriff has only to make that search which satisfies him, that he is not in his district; and so soon as he is satisfied, he may return that he is not to be found. The time necessary for this search is the only period for which it would appearto be necessary that the ca. sa. should remain in the sheriff’s office. The length of this time must of course be left to the sheriff’s discretion: he is to make the return on oath; and after he makes it, we must presume, that he has kept the ca. sa. a sufficient time, to have made himself sure, that his return is true. In some cases, the sheriff might retain the process for a considerable time, perhaps during the whole vacation ; in other cases, he might be under no necessity to keep it an hour. If, for example, he supposes that the defendant may be in his district, he must keep it until he can ascertain how the fact is: but if he should know, that the defendant is not in his district, he may return it forthwith. The bail cannot complain; for they have undertaken to keep the body of the defendant to answer to the plaintiff, in the district. If he is not within it, their undertaking is violated, and sufficient favour is afforded to them, if, at the' return term of the sci.fa., or writ in debt on tbeir bond, they are allowed to surrender their principal, on the payment of the costs of this new proceeding.
It might be more difficult, perhaps, to say, whether an action against the bail could be commenced, until after the term to which the ca. sa. was returnable. I incline to the opinion that the plaintiff may require the sheriff to execute and return the ca. sa. forthwith, and that upon the return of non est inventus being made, he may immediately proceed against the bail. *515 But this point not being necessary to the decision of this case, no judgment is intended to be pronounced upon it. The writ against the bail in this case, was not sued out until after the term to which the ca. sa. was returnable. Although dated 1st September, 1S29, yet the return in legal contemplation, is made to the return term, and may be regarded, if of any importance, as made on the day at which the sheriff is required to return ail writs and processes ; for he then makes his return, in fact, to the clerk. His certificates of service, and execution, are, of course, of the date at which the one, or the other, was done, or made.
The motion, to reverse the decision of the Judge below, and for a new trial, is refused.
Harper, J. concurred.